UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LEONARD B. CAPERS                    CIVIL ACTION NO. 10-cv-0056

versus                                JUDGE HICKS

COMMISSIONER OF THE SOCIAL            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**REPORT AND RECOMMENDATION**

The plaintiff in this action appeals an adverse decision by the Commissioner of the Social Security Administration. For the reasons that follow, it is recommended that the complaint be dismissed without prejudice for failure to prosecute.

Plaintiff commenced this action, in proper person, by filing a complaint. The pleading complains generally of an adverse decision by the Commissioner to deny benefits but gives no specific indication of error. In accordance with a standing order, the Clerk of Court issued a briefing schedule and instructions, and the Commissioner filed the administrative transcript.

The deadline for Plaintiff to file a memorandum was 60 days after the filing of the administrative transcript, or June 29, 2010. That deadline has passed, and Plaintiff has neither filed a brief nor requested an extension of time.

A district court has the inherent authority to dismiss an action, even sua sponte, for failure to prosecute, with or without notice to the parties. Link v. Wabash Railroad Co., 82

S.Ct. 1386, 1388-89 (1962); Rogers v. Kroger Co., 669 F.2d 317, 319-20 (5th Cir. 1982). Dismissal is warranted. In deciding whether to dismiss with or without prejudice, the court must keep in mind that "[d]ismissals with prejudice are reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of ... aggravating factors." Clofer v. Perego, 106 F.3d 678, 679 (5th Cir. 1997). There are no aggravating factors shown in this record, so only a dismissal without prejudice is appropriate here.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be dismissed without prejudice for failure to prosecute.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 25th day of August, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE